UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

CARLI CARPENTER on behalf of
DERRICK LEE CARDELLO-SMITH,

         Petitioner,

v.

CHRIS KING et al.,

         Respondents.
_____/

Case No. 1:24-cv-465

Honorable Robert J. Jonker

# **OPINION**

This is a habeas corpus action brought by Carli Carpenter (Petitioner Carpenter) "on behalf of . . . Derrick Lee Cardello-Smith [(Prisoner Smith)]," a state prisoner. (Petition, ECF No. 1, PageID.1.) Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because Petitioner Carpenter lacks standing to pursue this action on behalf of Prisoner Smith.

**Discussion**

Petitioner Carpenter states that she was the victim of one of Prisoner Smith's crimes, and she now wishes to recant her testimony against Prisoner Smith.[1] (Petition, ECF No. 1, PageID.1, 3.) Petitioner Carpenter does not indicate the date of the conviction at issue in the petition. *Cf.* Michigan Department of Corrections' Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=267009 (last visited May 22, 2024) (listing the crimes that Prisoner Smith was convicted of, and indicating that Prisoner Smith was convicted of criminal sexual conduct on more than one occasion in Wayne County). As relief, Petitioner Carpenter seeks the release of Prisoner Smith from custody. (Petition, ECF No. 1, PageID.3.)

The habeas statutes authorize granting relief to a person in custody. *See* 28 U.S.C. § 2254 (authorizing consideration of an application for a writ "in behalf of a person in custody"); 28 U.S.C. § 2241 (authorizing extension of the writ to prisoners "in custody"); *United States v. Chambers*, No. 4:13-CR-20254-TGB, 2020 WL 2526116, at *3 (E.D. Mich. May 18, 2020) (stating, with regard to parallel language in 28 U.S.C. § 2255, "standing is specifically limited to those 'in custody'"). Therefore, the Court concludes that Petitioner Carpenter, a non-incarcerated individual, does not have standing to bring a habeas claim on her own behalf.

Further, as to Petitioner Carpenter's attempt to bring this petition on Prisoner Smith's behalf, as explained below, Petitioner Carpenter lacks standing to do so. A petition for a writ of habeas corpus must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in his behalf," known as a "next friend." 28 U.S.C. § 2242;

---

[1] The Court notes that Prisoner Smith, himself, "has filed many, many habeas corpus petitions in this Court and the United States District Court for the Eastern District of Michigan. Each of his prior petitions has been denied, dismissed, or transferred to the Sixth Circuit Court of Appeals as second and/or successive." *Smith v. Steward*, No. 1:21-cv-124, 2021 WL 457285, at *1 (W.D. Mich. Feb. 9, 2021) (discussing the history of Prisoner Smith's prior habeas petitions).

*Whitmore v. Arkansas*, 495 U.S. 149, 163 (1989); *see* Rule 2(c)(5), Rules Governing § 2254 Cases. "A 'next friend' does not [her]self become a party to the habeas corpus action in which [s]he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore*, 495 U.S. at 163 (citations omitted). Next friend status, therefore, is an exception to 28 U.S.C. § 1654, which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

To act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate." *Whitmore*, 495 U.S. at 163–64 (citations omitted); *see West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The putative next friend must clearly establish "the propriety of his [or her] status" in order to "justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164 (citations omitted). Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163.

"[A] next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)). The putative next friend "must clearly and specifically set forth facts sufficient to satisfy the[] Art[icle] III standing requirements" because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 495 U.S. at 155–56 (citation omitted). Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not

3

set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514; *see Whitmore*, 495 U.S. at 163.

In this action, the Court concludes that the petition, which purports to raise claims on Prisoner Smith's behalf, does not satisfy these requirements in any respect. Specifically, Petitioner Carpenter has not shown why Prisoner Smith cannot file the habeas action on his own behalf, and Petitioner Carpenter has not shown how she is qualified to serve as Prisoner Smith's next friend. Accordingly, Petitioner Carpenter lacks standing to pursue this action and the Court is without jurisdiction to consider it.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner Carpenter lacks standing to pursue this action, and, as a result, the Court lacks jurisdiction to consider it. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

4

The Court finds that reasonable jurists could not find it debatable whether Petitioner Carpenter's application should be dismissed for lack of jurisdiction. Therefore, a certificate of appealability will be denied. Moreover, the Court concludes that any issue Petitioner Carpenter might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment denying a certificate of appealability and dismissing the petition without prejudice because Petitioner Carpenter lacks standing to pursue this action and the Court is without jurisdiction to consider it.

Dated:    May 23, 2024                                 /s/ Robert J. Jonker
                                                                      Robert J. Jonker
                                                                      United States District Judge